ERVIN, Judge.
This is the second appearance of the parties before this court.[1] The present petition for common law certiorari is from an order of the judicial referee dismissing a medical mediation claim, following remand of the former case to the judicial referee for further action within the time permitted by the Florida Rules of Medical Mediation Procedure. After remand, the referee held *440 that the former petition for common law certiorari did not stay the proceedings of the panel and, ten months having expired from the date the claim was filed, the panel’s jurisdiction automatically expired.
We agree that the filing of a petition for common law certiorari did not automatically stay the proceedings, and, upon the expiration of the ten months after the claim was filed,[2] the panel’s jurisdiction by operation of law terminated. We think it necessary, however, to comment upon some of the language expressed in the order of dismissal. The judicial referee, relying upon our opinion in Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978), in which we held that the referee had no authority for any reason to extend the hearing beyond ten months from the date the claim was filed, concluded that even had petitioner requested the stay pending review, and had such a stay been granted, the time for proceeding with the claim would not be tolled during the pendency of the review because he had no authority to stay. This statement is incorrect. While the referee has no authority to extend the time for hearing beyond 10 months as to a claim pending before the panel when the final hearing has not been concluded within 10 months from the date the claim is filed, once review of his order is sought, he is not precluded from entering a stay which has the effect of tolling any possible remaining time of the medical mediation claim.
If a claim is dismissed by the referee and a party petitions for certiorari, it is incumbent upon that party to file a motion in the lower tribunal for a stay. Fla.R. App.P. 9.310(a). The only exceptions to this requirement are set forth in Rule 9.310(b), permitting a stay upon the posting of a bond when the judgment appealed is solely for the payment of money, or when the state or any public officer appeals. If for any reason the stay is denied by a lower tribunal, this court has jurisdiction, upon appropriate motion, to review the denial of stay. Fla.R.App.P. 9.310(f).
No stay having been entered, the 10 month jurisdictional time limit has now expired and the lower tribunal’s order terminating jurisdiction is affirmed.
MILLS, Acting C. J., and ROBERT SMITH, J., concur.

. The former case sought certiorari review from an order of the judicial referee dismissing a medical mediation claim because hearing was not commenced within 120 days from the filing of the claim and no extension order was entered by the referee. Within the 120-day period, however, a pre-trial conference was held and an order was entered setting the date for hearing outside the 120 days. We treated the order as an extension order and remanded the case to the panel for further proceedings. Thames v. Melvin, 365 So.2d 813 (Fla. 1st DCA 1979).

. Section 768.44(3), Florida Statutes (1977), requires that a hearing be concluded within 10 months after the claim is filed.