870 So.2d 922 (2004)
Craig WILLIAMS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D03-3351.
District Court of Appeal of Florida, Third District.
April 21, 2004.
Charles G. White, Jupiter, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
*923 Before GERSTEN, GODERICH, and FLETCHER, JJ.
PER CURIAM.
Craig Williams seeks to be released from custody because he was not brought to trial within 30 days of the trial court's finding of probable cause that he is a sexually violent predator, pursuant to section 394.916, Florida Statutes (2003)[Jimmy Ryce Act]. The record clearly shows, however, that Williams waived his entitlement to be brought to trial within the 30-day period. See Exhibit A, State's motion to supplement record. Williams explicitly waived the 30-day trial requirement and stated that he was going to work with the public defender on his defense.
Additionally, Williams asserts in his petition for habeas corpus that he has not been brought to trial although his speedy trial time has expired. As the State points out, Williams' case is brought under the Jimmy Ryce Act, which is a civil commitment process, and is not criminal in nature. As such, the rules of criminal procedure do not apply[1], and speedy trial rules are inapplicable.
The petition for habeas corpus is denied.
NOTES
[1] Section 394.9155(1) provides for the Florida Rules of Civil Procedure and the Florida Rules of Evidence to apply (with exceptions inapplicable here).