880 So.2d 751 (2004)
John F. CURRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-3596.
District Court of Appeal of Florida, Second District.
June 2, 2004.
Rehearing Denied June 30, 2004.
Celene Humphries of Celene Humphries, P.A., Riverview, and Lynn Flagler of Brasfield, Fuller, Freeman, Lovell & O'Hern, P.A., St. Petersburg, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Janet Ann McDonald, Assistant *752 Attorney General, Tampa, for Respondent.
Christopher E. Cosden, Sarasota, for Amicus Curiae Sex Offender Commitment Defense Association.
ALTENBERND, Chief Judge.
John F. Curry seeks a petition for writ of certiorari to quash a circuit court order which denied his motion to dismiss the State's petition for his civil commitment pursuant to the Jimmy Ryce Involuntary Civil Commitment of Sexually Violent Predators Treatment and Care Act. See § 394.910-.931, Fla. Stat. (2002). Because the circuit court did not depart from the essential requirements of law in denying Mr. Curry's motion to dismiss, we deny the petition. This is another case in which the lack of specific procedural rules governing the civil commitment of sexually violent predators creates difficulties. Although we deny the petition, we conclude that a defendant such as Mr. Curry who stipulates to either a waiver of his right to a trial within thirty days under section 394.916(1), Florida Statutes (2002), or to a continuance of his trial pursuant to section 394.916(2), Florida Statutes (2002), can reassert his right to a trial within thirty days by filing a notice, motion or pleading, or making a request in open court that expressly and unequivocally demands a trial within thirty days pursuant to section 394.916(1).
On July 26, 2002, the State filed a petition seeking the involuntary civil commitment of Mr. Curry as a sexually violent predator. This petition was filed well in advance of May 10, 2003, the date Mr. Curry was expected to be released from prison after completing his sentences for nine offenses involving lewd and lascivious acts on children.[1] On the day the petition was filed, the circuit court issued an ex parte order stating that there was probable cause to believe that Mr. Curry was a sexually violent predator who was eligible for civil commitment. See § 395.915(1), Fla. Stat. (2002). In this order, the court set a hearing for August 5, 2002, to determine whether Mr. Curry was indigent and in need of court-appointed counsel.
On August 5, the court appointed the Office of the Public Defender as counsel for Mr. Curry, and an assistant public defender was present to represent him. Counsel noted that Mr. Curry had a significant portion of his sentence remaining and indicated that Mr. Curry was thus willing to waive his "thirty-day trial rights." See § 394.916(1), Fla. Stat. (2002). Mr. Curry affirmatively indicated on the record his assent to this continuance. Thereafter, the prosecutor and defense counsel announced that an adversarial probable cause hearing[2] was not necessary at that time in light of the remaining length of Mr. Curry's sentence.
On August 15, 2002, Mr. Curry filed a pro se answer to the petition for involuntary civil commitment. Mr. Curry pointed out that, contrary to the allegations in the State's initial petition, one of the two psychologists who conducted a personal evaluation of Mr. Curry concluded that Mr. Curry did not meet the criteria necessary to require his civil commitment.[3] In response, *753 the State sought leave to amend its petition to correct this misstatement in the petition's allegations. The State scheduled a hearing on this request for August 30, 2002.
Mr. Curry's appointed counsel appeared at the August 30 hearing. Mr. Curry was not present. Counsel disclosed that he had been contacted by a private attorney who was considering representing Mr. Curry; however, the private attorney could not attend the hearing that day. When the court questioned counsel regarding the request to amend the petition, counsel indicated, "I do not have legal cause to object." The court granted the State leave to file the amended petition and accepted the petition for filing that date.
Thereafter, defense counsel indicated that he wanted "to put something else on the record." He noted that Mr. Curry had previously waived his right to a trial within thirty days, but he wanted to mention that he had other clients who had not waived that right and their cases should be dismissed. Again, counsel noted that Mr. Curry's release date was still months away. At this point, the court stated:
I have reviewed the amended petition. I'll go ahead and make the finding of probable cause at this time. And with [defense counsel's] announcement that he is waiving the 30-daythe preliminary hearing and this 30-day period for a jury trialdo we need to set it for a status check?
Counsel did not object to the characterization of his comments as a waiver of the thirty-day time period for trial. Instead, counsel responded that he did not want to set a status check at that time because Mr. Curry might be retaining new counsel. At the conclusion of the hearing, the court entered an order determining that based upon the amended petition, probable cause existed that Mr. Curry was a sexually violent predator. Due to defense counsel's request, the court did not set another hearing to monitor the status of Mr. Curry's case.[4]
On November 13, 2002, an attorney newly retained by Mr. Curry filed an "amended answer and affirmative defenses to amended petition for civil commitment and request for probable cause determination." It appears there was no further action on the case until May 15, 2003, when Mr. Curry's new counsel filed a "notice that action is at issue and ready to be set for trial."[5] This notice did not refer to the thirty-day time limit set forth in section 394.916(1). It appears no action was taken upon the filing of this notice.
On June 12, 2003, Mr. Curry's counsel filed a motion to dismiss the petition for involuntary civil commitment, asserting that the State's failure to bring Mr. Curry to trial within thirty days of the finding of probable cause on the amended petition required dismissal. Apparently, the following day, June 13, 2003, Mr. Curry completed his criminal sentences. As a result *754 of the pending civil commitment proceedings, he was transferred to a secure facility within the custody of the Department of Children and Family Services. Because the circuit court denied the motion to dismiss the proceedings and Mr. Curry sought this petition for writ of certiorari, he has apparently remained in the secure facility since that date without a trial.

I.
As to the merits of this petition for writ of certiorari, we conclude that the circuit court did not depart from the essential requirements of the law in denying Mr. Curry's motion to dismiss because Mr. Curry waived his right to a trial within thirty days and never unequivocally sought to recapture that right.
Mr. Curry's motion to dismiss alleged that the State failed to comply with section 394.916(1), which provides, "Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator." Mr. Curry argued that the right to trial within thirty days could not be waived under any circumstances or, in the alternative, that his personal waiver as to the initial petition did not apply to the amended petition and that his counsel did not or could not waive the right upon the filing of the amended petition.
We recognize that the Florida Supreme Court has determined that the thirty-day time period set forth in section 394.916(1) is mandatory. See State v. Goode, 830 So.2d 817, 825-26 (Fla.2002). However, there is nothing preventing a defendant from waiving the right to this expedited trial. In light of the very short time limits placed on these proceedings, we conclude that a waiver is permitted under section 394.916(1) and is essentially equivalent to a request by the defendant for a continuance under section 394.916(2).[6]
Section 394.916(2) specifically provides that a trial may be continued "upon the request of either party and a showing of good cause" if "the person will not be substantially prejudiced." A defendant in a civil commitment proceeding may often need more than thirty days to prepare a defense. When the defendant still has significant time remaining before his criminal sentence is fully served, as Mr. Curry had when these proceedings commenced, the defendant is unlikely to suffer any prejudice from a continuance or postponement of the trial beyond the thirty days allotted, and may actually benefit from the same. Thus Mr. Curry could waive his right to a trial within thirty days, as he clearly did when he appeared before the court based upon the initial petition.
Mr. Curry argues in the alternative that the amended petition negated his earlier waiver and that his counsel did not or could not waive the thirty-day requirement at the hearing wherein the court accepted the State's amended petition. We are not convinced by these arguments. First, we see no reason why the earlier waiver of the right to a trial within thirty days would not continue to apply to the amended petition, which simply corrected a factual allegation and did not change the nature of the action against Mr. Curry. Cf. State v. Gibson, 783 So.2d 1155, 1159 (Fla. 5th DCA 2001) (noting "Florida courts have consistently *755 held that a waiver of speedy trial as to the initial information applies to amended or subsequently filed informations that charge additional crimes provided those crimes arise out of the same criminal episode"). Even if a subsequent waiver was required, there is no basis to conclude that the defendant must individually waive the right to trial within thirty days or, in other words, that counsel cannot effectively waive the right on behalf of the defendant outside of the defendant's presence. Cf. State v. Abrams, 350 So.2d 1104, 1105 (Fla. 4th DCA 1977) (holding that there is no requirement that waiver of speedy trial occur in defendant's presence or only by defendant individually, thus attorney's act of waiving speedy trial was binding on client).
Because Mr. Curry waived his right to a trial within thirty days, the circuit court did not depart from the essential requirements of the law in denying his motion to dismiss the proceedings. We therefore deny the petition for writ of certiorari.
We note, however, that Mr. Curry's initial waiver should not allow his detention to continue indefinitely without a trial. To permit an indefinite detention would violate principles of due process. See Goode, 830 So.2d at 825-26. Mr. Curry must have an opportunity to withdraw his waiver and renew the requirement that a trial be held within thirty days. Cf. Fla. R.Crim. P. 3.191(b) (permitting criminal defendant to demand trial within sixty days); Atkins v. State, 785 So.2d 1219, 1220 (Fla. 4th DCA 2001) (stating, "[o]nce a waiver of speedy trial rights has occurred, a defendant may `start the clock running again' by invoking a demand for speedy trial").
Arguably, Mr. Curry may have attempted to renew his right to a trial within thirty days when he filed the notice that the action was at issue pursuant to rule 1.440. However, Mr. Curry has not argued that this document was a demand for trial within thirty days in accordance with section 394.916(1). The notice did not expressly demand trial within thirty days nor specifically reference the thirty-day time period set forth in section 394.916(1). Obviously, the thirty-day time limit is not contained in rule 1.440. We conclude that a defendant in Mr. Curry's situation, who has waived the right to a trial within thirty days but seeks to recapture that right, must file some notice, pleading, or motion, or make a request in open court that expressly and unequivocally demands and renews his right to a trial within thirty days pursuant to section 394.916(1).[7]

II.
As stated above, Mr. Curry has remained detained without a trial for almost a year since he finished serving his criminal sentences, even though the State commenced these proceedings almost two years ago. It appears that his trial has been delayed for many months while this certiorari proceeding was pending before this court. This causes us to make two observations.
First, the filing of a petition for writ of certiorari does not automatically stay the proceedings in the circuit court. See Thames v. Melvin, 370 So.2d 439 (Fla. 1st DCA 1979). Certiorari is an *756 original proceeding in this court. See Fla. R.App. P. 9.030(b)(3). It has no effect on the jurisdiction of the circuit court unless a stay of the proceedings is granted. Although Florida Rule of Appellate Procedure 9.130(f) specifically prohibits the circuit court's entry of a final judgment during the appeal of a nonfinal order, no similar rule exists when a nonfinal order is challenged by way of certiorari. Especially when a certiorari proceeding involves discovery issues, we understand the hesitancy of the circuit court and the parties to proceed to trial while review is pending in this court. In this case, however, it would seem that Mr. Curry's trial could and should have been scheduled and completed while this proceeding was pending.
Second, we note that no attempt was made to expedite this certiorari proceeding, even though Mr. Curry argues that he is entitled to immediate release. The petition was pending for five months before the petitioner's reply was filed. This court receives approximately 6000 new cases per year. These cases are administratively processed by the clerk's office. Unless a matter is brought to the court's attention by the filing of a motion, these cases will not be reviewed by the judges and their professional legal staff for action until the case is mature. Because no motion to expedite this certiorari proceeding was filed, this case was not scheduled for expedited disposition. Upon determining the important liberty interest involved in this case, this panel has attempted to expedite the issuance of this opinion. In the future, counsel should be aware that this court will make every effort to expedite civil commitment petitions when the defendant may be entitled to immediate release if the parties themselves expedite the matter and file a motion at the inception of the proceeding for this court to expedite its ruling.
Petition for writ of certiorari denied.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] The State's timely filing of this petition well before the expiration of Mr. Curry's sentence was prudent and in keeping with the intent of the Act. See State v. Goode, 830 So.2d 817, 825 (Fla.2002).
[2] See § 394.915(2), Fla. Stat. (2002).
[3] These two psychologists were part of a multidisciplinary team consisting of six psychologists. See § 394.913(3), Fla. Stat. (2002). The multidisciplinary team report indicated that the team recommended civil commitment, but noted that one psychologist who had personally evaluated Curry disagreed with the recommendation.
[4] It is clear that the circuit court's standard procedure was to consistently set a status conference to assure the court would continue to monitor the progress of these cases. We commend the circuit court for this procedure. Indeed, upon discerning what occurred in this case, we doubt the circuit court will be convinced by counsel to dispense with such a status conference in the future.
[5] This notice was filed pursuant to Florida Rule of Civil Procedure 1.440. This seems like a logical step by counsel because, as specified by the legislature, these actions are generally governed by the standard rules of civil procedure. See § 394.9155(1), Fla. Stat. (2002).
[6] Because section 394.916(1) requires a trial within thirty days of a determination of probable cause, it is unclear when a defendant is supposed to answer the State's petition. The general time limits for filing pleadings and setting an action for civil trial cannot function within this framework. See Fla. R. Civ. P. 1.140, .200, .440. This is the primary reason that we conclude a waiver under section 394.916(1) and a defendant's request for a continuance under section 394.916(2) are essentially equivalent.
[7] Due process requires some method be available to recapture the thirty-day time period for a defendant who is subject to an otherwise indefinite civil pretrial detention. Although we are required to ensure the defendant's rights to due process, this court cannot make rules of procedure. Thus we do not address the specifics of any procedure required, such as whether the renewed thirty-day period would commence with the filing of the demand or request, or would require an order by the trial court recommencing the period.