ORDER DISMISSING PETITION FOR WRIT OF CERTIORARI AS MOOT
ALTENBERND, Judge.
The narrow, dispositive issue in this proceeding is whether the filing of a petition for certiorari review in a district court, requesting review of an adverse ruling in an appeal from county court to circuit court, results in the abandonment of a motion for rehearing in that appeal. We conclude that the provision in Florida Rule of Appellate Procedure 9.020(h)(3) that deems a motion for rehearing abandoned applies only when a “notice of appeal” is properly filed as the method to seek appellate review. Accordingly, the circuit court was authorized to consider the motion for rehearing that was pending before it at the time this certiorari proceeding was filed in this court. Because the circuit court granted the motion for rehearing, the order challenged in this proceeding has been vacated. Thus, we dismiss this proceeding as moot.
.The petitioner, Casper & Friends, Inc. (Casper), purchased real property at a foreclosure sale resulting from a judgment of foreclosure obtained in county court by Placedo Bayou Community Association, Inc., against Chandra D. Nelson. Following the sale, Ms. Nelson successfully obtained orders vacating the judgment of foreclosure and setting aside the resulting sale. Casper appealed those orders to the circuit court. On May 12, 2005, the circuit court affirmed the county court with a written opinion.
Casper challenged the unfavorable appellate decision on two fronts. First, it filed a timely motion for rehearing in the circuit court on May 27, 2005. Before a ruling was announced on that motion, it filed a notice of appeal with this court on June 8, 2005. This court, of course, does *648 not review circuit court appellate decisions by way of appeal. These orders can only be reviewed under our original certiorari jurisdiction. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); see also Fla. R.App. P. 9.030(b)(2)(b). Accordingly, on June 16, 2005, this court ordered that the appeal proceed as a certiorari proceeding.
On June 27, 2005, the circuit court granted Casper’s motion for rehearing and vacated its earlier decision. It issued a new opinion reversing the county court orders. Casper prudently did not file a voluntary dismissal of its certiorari proceeding. Instead, it filed a suggestion of mootness. Ms. Nelson responded to this suggestion, arguing that the motion for rehearing had been abandoned by the filing of the notice of appeal and that the circuit court had lacked jurisdiction to grant the rehearing.
Ms. Nelson is correct that a motion for rehearing that is pending in a trial court proceeding is “deemed” abandoned by the filing of a notice of appeal pursuant to rule 9.020(h)(3).[1] A notice of appeal was filed in this case, but it was not effective as such. Instead of striking the notice as unauthorized, we treated the notice of appeal as a petition for certiorari seeking the correct remedy pursuant to Florida Rule of Appellate Procedure 9.040(c).
Rule 9.020(h)(3) does not state that a motion for rehearing in an appellate proceeding is abandoned when a party files a petition for certiorari review from a circuit court appeal to a district court. We see no reason to read the language of this rule to require an abandonment of motions for rehearing upon the filing of any document other than a notice of appeal. Similarly, we note that in appeal proceedings before this court, we do not deem a motion for rehearing abandoned when a party files a notice to invoke the supreme court’s discretionary jurisdiction to review one of our decisions. We proceed to dispose of the motion. The supreme court has never held that a notice invoking its jurisdiction should be treated as if it-were a notice of appeal for these purposes.
The filing of a petition for certiorari in this court did not stay the circuit court appellate proceeding or divest the circuit court of jurisdiction to grant the motion for rehearing. Curry v. State, 880 So.2d 751 (Fla. 2d DCA 2004). Accordingly, the order challenged in this proceeding no longer exists and we treat the petitioner’s suggestion of mootness as a motion to dismiss the petition for writ of certiorari as moot and grant the motion.
Dismissed.
WHATLEY and CASANUEVA, JJ„ Concur.

. It is noteworthy that the rule does not state that a motion for rehearing ''is” abandoned when a notice of appeal is filed. Instead, the rule merely "deems” the motion abandoned. Occasionally, an appellant has filed a motion with this court explaining that it filed a notice of appeal because it was uncertain about the date of rendition and could not risk delaying the notice of appeal in order to resolve a pending motion for rehearing. Under these circumstances, when the appellant asks this court to relinquish jurisdiction to the trial court to hear the motion that has been "deemed” abandoned, and it appears that the motion may resolve the dispute, this court will typically grant relinquishment to allow the motion to be heard.