927 So.2d 198 (2006)
Gary KOLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1131.
District Court of Appeal of Florida, Fifth District.
April 28, 2006.
*199 James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Gary Kolin, ("Kolin"), appeals the trial court's orders denying his motions to dismiss the State's petition for involuntary civil commitment under the Jimmy Ryce Act, ("the Act").[1] We affirm.
Kolin was convicted of sexual battery in 1990, and sentenced to 15 years imprisonment. Two days before his scheduled release date of November 23, 2001, the State filed a petition to civilly commit Kolin as a sexually violent predator. On that same day, the trial court made an ex-parte finding that probable cause existed to detain Kolin pursuant to section 394.915(1), Florida Statutes (2000). Consequently, Kolin was detained pursuant to the Act after expiration of his criminal sentence.
Despite the statutory requirement that civil commitment trials be commenced within thirty days after entry of the court's probable cause finding, the court set an initial trial date twenty-eight days after expiration of this thirty-day deadline. Aware of the issue, Kolin elected not to file a motion to dismiss. Instead, on the day of trial, he asserted the need for more preparation time and moved to continue. Kolin's motion was granted, and a later trial date was set. Thereafter, for more than three years Kolin filed additional motions to continue as each trial date approached. At a March 10, 2005, docket sounding, prior to a March 14, 2005 trial date, Kolin filed yet another motion to continue, which was denied.
On the day of trial, March 14, 2005, Kolin, for the first time, raised the thirty-day deadline in a "Motion to Dismiss for Violation of Section 394.916(1)." The trial court denied the motion, finding that Kolin's decision not to file the motion at or prior to the original trial date was a tactical decision for which there was no relief. The trial court also denied a separate motion to dismiss challenging the Act on constitutional grounds.
When his motions were denied, Kolin waived trial and executed a stipulated agreement for voluntary commitment. This appeal followed.
We find no reason to address the details of Kolin's constitutional challenges to the Act, because the issues Kolin raises have already been decided by our appellate courts. See Westerheide v. State, 831 So.2d 93 (Fla.2002) (rejecting constitutional due process, equal protection, double jeopardy and ex post facto challenges to the Act); In re: Commitment of Cartwright, 870 So.2d 152 (Fla. 2d DCA 2004) (provision in Act allowing use of hearsay evidence in Jimmy Ryce proceedings does not violate separation of powers doctrine).[2]
We also find no merit in Kolin's procedural claim. The thirty-day deadline is not jurisdictional, Osborne v. State, 907 *200 So.2d 505 (Fla.2005), and may be waived. Williams v. State, 909 So.2d 939 (Fla. 5th DCA 2005); Curry v. State, 880 So.2d 751 (Fla. 2d DCA 2004); Williams v. State, 870 So.2d 922 (Fla. 3d DCA 2004); State v. Kobel, 757 So.2d 556 (Fla. 4th DCA 2000). Further, section 394.916(2) of the Act provides for waiver of the deadline upon the trial court's granting of a well-founded motion to continue. Additionally, the "Florida Rules of Civil Procedure apply to all civil commitment proceedings for sexually violent predators unless otherwise specified [in the Act]." Mitchell v. State, 911 So.2d 1211, 1213 (Fla.2005). Under these rules, a "party waives all defenses and objections that the party does not present... in a responsive pleading." Fla. R. Civ. P. 1.140(h). Kolin elected not to file a timely motion to dismiss, and failed to raise the thirty-day trial deadline in the answer he filed in response to the State's petition. Therefore, under both the rule (by failure to raise the issue in a responsive pleading) and the statute (by moving to continue the trial), Kolin waived the thirty-day trial deadline.[3] Because Kolin waived the initial thirty-day deadline, the trial court correctly denied Kolin's motion to dismiss.
AFFIRMED.
SHARP, W., and TORPY, JJ., concur.
NOTES
[1] §§ 394.910-394.931, Fla. Stat. (2000).
[2] The only constitutional claim not addressed in these cases is Kolin's argument that the Act violates the separation of powers doctrine because it does not allow the courts to consider any less restrictive alternatives to commitment. In Westerheide, the Florida Supreme Court rejected a similar argument that the lack of any less restrictive alternatives to commitment rendered the Act constitutionally infirm under the due process clause and the prohibitions against double jeopardy and ex post facto laws. The court explained that there was no constitutional violation for failure to include less restrictive alternatives because the Act was drafted in such a manner that it only applied to sexual predators so dangerous that commitment was the only appropriate alternative available to society. 831 So.2d at 103-105. "Thus, if the person is amenable to less restrictive alternative treatment he or she does not meet the statutory definition of a sexually violent predator and is not subject to commitment under the Ryce Act." Id. at 103. For this same reason, we find no merit in Kolin's separation of powers argument.
[3] Even after waiving the initial thirty-day deadline, a Jimmy Ryce respondent "can reassert his right to a trial within thirty days by filing a notice, motion or pleading, or making a request in open court that expressly and unequivocally demands a trial within thirty days pursuant to section 394.916(1)." Curry, 880 So.2d at 752. However, Kolin never reasserted his right to trial within thirty days until his final motion to continue was denied and his trial was about to commence.