WEBSTER, J.
 

 In this appeal from his involuntary civil commitment as a sexually violent predator under the Jimmy Ryce Act following a jury trial, appellant claims that the trial court committed reversible error in denying his pretrial motion to dismiss the state’s petition because appellant was not brought to trial within thirty days of the finding of probable cause. We agree that the trial court abused its discretion in granting the state’s motion to continue the trial beyond the statutory thirty-day deadline. We agree further that, where appellant had completed his criminal sentence and was being detained awaiting a trial under the Jimmy Ryce Act, the failure to bring him to trial within thirty days without a valid continuance would require appellant’s release from detention and a dismissal without prejudice of the pending proceedings. Nevertheless, we affirm because we conclude that appellant waived his claim by waiting to raise it by this appeal rather than seeking immediate relief by habeas corpus upon expiration of the thirty-day deadline. We also certify a question of great public importance to our supreme court.
 

 While serving a prison sentence for sexual battery, appellant was referred to the multidisciplinary team of the Department of Children and Families for an assessment to determine whether he should be involuntarily committed as a sexually violent predator under the Jimmy Ryce Act. On July 9, 2008, the multidisciplinary team issued a written assessment finding that appellant met the definition of a sexually violent predator pursuant to the Act and recommending that the state attorney initiate proceedings for the involuntary civil commitment of appellant under the Act.
 

 On October 1, 2008, the state attorney filed a petition to involuntarily commit appellant as a sexually violent predator under the Act. The petition alleged that appellant was scheduled to be released from the custody of the Department of Corrections on October 5, 2008. On the day the petition was filed, the trial court entered an order finding probable cause to believe that appellant met the criteria of a sexually violent predator under the Act, ordering appellant’s transfer to the custody of the Department of Children and Families upon the completion of his sentence, and setting the case for trial on October 20, 2008. On October 8, 2008, the court appointed counsel for appellant who invoked his right to go to trial within thirty days of the finding of probable cause. The court again set the trial for October 20, 2008.
 

 On October 10, 2008, the state filed a motion to continue the trial up to 120 days
 
 *393
 
 for good cause under the Act. The motion claimed that Dr. Jeffrey Musgrove, one of the two forensic psychologists on the multidisciplinary team, who personally evaluated appellant to determine whether he should be committed as a sexually violent predator under the Act, was out of the country and unavailable for trial. The motion also claimed that neither side would be able to complete discovery before the scheduled trial date. On October 13, 2008, a hearing was held on the state’s motion for continuance. Appellant’s counsel opposed the motion, claiming that appellant would be ready for trial on the scheduled date; that appellant would be substantially prejudiced by a continuance which would extend his pretrial detention beyond thirty days; and that the state had been dilatory when, without explanation, it delayed filing the commitment petition for almost three months, waiting until the eve of appellant’s release from prison. The state responded that appellant’s opposition to a continuance was “simply an attempt to put. [the state] on the ropes and deprive the state of a fair trial,” and that the state was not at fault for the fact that appellant’s release date from prison had been moved up. The trial court indicated that it was not concerned about whether the state had shown good cause for a continuance under the Act, but was concerned whether appellant would be substantially prejudiced by a continuance. The trial court deferred making a ruling until the following day to allow the parties to submit any case law on the definition of “substantial prejudice.” The following day, the court entered an order granting the state’s motion for continuance, finding that the state demonstrated good cause and that the defense did not establish substantial prejudice as required by section 394.916(2), Florida Statutes. The court then scheduled the trial for the week of February 2, 2009. The trial was later continued to the week of February 9, 2009, by the stipulation of both parties.
 

 On February 9, 2009, prior to jury selection, appellant moved to dismiss the state’s petition for failure to hold the trial within thirty days of the finding of probable cause. The trial court denied the motion. At the conclusion of the trial, the jury returned a unanimous verdict finding that appellant was a sexually violent predator. The following day, the trial court entered a final judgment that found appellant was a sexually violent predator and involuntarily committed him to the custody of the Department of Children and Families under the Act. This appeal follows.
 

 Section 394.916, Florida Statutes (2008), provides in pertinent part:
 

 (1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
 

 (2) The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No' additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.
 

 Although our supreme court has held that the thirty-day deadline to conduct a trial is mandatory, it also has concluded that it is not jurisdictional because the statutory language authorizes continuances under certain circumstances.
 
 State v. Goode,
 
 830 So.2d 817, 828 (Fla.2002). Thus, “[i]n cases where the alleged sexually violent predator will not be substantially prejudiced, a trial court is given authority to grant a continuance when one of the parties shows good cause or the court determines that the interests of justice so dictate.”
 
 Id.
 
 However, “where a respondent
 
 *394
 
 has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause, the respondent’s remedy is release from detention and a dismissal without prejudice of the pending proceedings.”
 
 Osborne v. State,
 
 907 So.2d 505, 509 (Fla.2005).
 

 Initially, we must determine whether the thirty-day deadline was validly extended in this case when the trial court granted the state’s motion for continuance. Generally, a trial court’s ruling on a motion for continuance is reviewed under the abuse of discretion standard.
 
 Overton v. State,
 
 976 So.2d 536, 548 (Fla.2007);
 
 Kearse v. State,
 
 770 So.2d 1119, 1127 (Fla.2000). While we concede that the trial court could find that the state demonstrated good cause for a continuance, we believe that the trial court abused its discretion in granting the continuance because appellant was substantially prejudiced.
 

 The statute does not define “substantially prejudiced.” Our supreme court has recognized that, because involuntary commitments ordinarily are supposed to take place while the person is still incarcerated, there will be situations where the thirty-day deadline would expire while the respondent is still incarcerated in which case “the State may be entitled to a continuance, because the respondent would not be substantially prejudiced.”
 
 Goode,
 
 830 So.2d at 828. However, in this case, appellant served his criminal sentence and would have been free but for his detention under the Jimmy Ryce Act. The only case in Florida to address a similar situation is
 
 Meadows v. Krischer,
 
 763 So.2d 1087 (Fla. 4th DCA 1999), which held that the respondent did not-establish any substantial prejudice arising from a brief seven-day continuance under the Jimmy Ryce Act. In this case, the continuance was considerably longer, over three months. Although the state argues that appellant was not substantially prejudiced because the statute allows a continuance for good cause if it does not exceed 120 days, we conclude that such an interpretation would render the “substantially prejudiced” language superfluous. The statute allows a continuance for good cause up to 120 days
 
 if the
 
 person will not be substantially prejudiced. We conclude that appellant was substantially prejudiced by the extension of his pretrial detention by over three months. This problem could have been avoided if the state had not waited three months to file the petition as appellant was approaching his release date from prison. Appellant would not have been substantially prejudiced by a continuance if he was still serving his prison sentence.
 

 Appellant agrees that if the thirty-day deadline was not validly extended when the trial court granted the state’s motion for continuance, the proper remedy is appellant’s release and the dismissal of the state’s petition without prejudice. This remedy contemplates that “the State may be entitled to continue the proceedings, but the respondent may be entitled to his freedom where the State has not scrupulously complied with the Act’s provisions.”
 
 Mitchell v. State,
 
 911 So.2d 1211, 1219 (Fla.2005). Thus, dismissal without prejudice would release appellant from custody without depriving the trial court of jurisdiction over the case.
 
 See Madison v. State,
 
 27 So.3d 61, 63 (Fla. 1st DCA) (holding that the only jurisdictional requirement is that the respondent is in lawful custody when the state initiates commitment proceedings under the Jimmy Ryce Act by referring the respondent to the multidisciplinary team for evaluation),
 
 rev. denied,
 
 24 So.3d 559 (Fla.2009). However, any relief provided by a dismissal without prejudice would be moot in this case be
 
 *395
 
 cause appellant already has been tried and committed under the Act. A dismissal without prejudice would only prolong the proceedings by allowing the state to refile the petition and requiring yet another trial. The purpose of the thirty-day deadline is to minimize pretrial detention by requiring commitment trials to be held promptly, not to give respondents a proverbial “second bite at the apple.”
 

 We believe that, to further the legislature’s intent that such trials be held promptly, the proper remedy in such cases is for the respondent to file a motion to dismiss the petition as soon as the thirty-day deadline has expired, and to seek immediate relief by habeas corpus if the motion is denied.
 
 See Murray v. Regier,
 
 872 So.2d 217, 221-22 (Fla.2002) (recognizing that a habeas corpus petition is a proper means to challenge the legality of pretrial detention under the Jimmy Ryce Act);
 
 Williams v. State,
 
 870 So.2d 922 (Fla. 3d DCA 2004) (considering the merits of a petition for writ of habeas corpus which sought immediate release because petitioner was not brought to trial within thirty days of the trial court’s finding of probable cause under the Jimmy Ryce Act);
 
 Ennis v. Regier,
 
 869 So.2d 701, 703 (Fla. 2d DCA 2004) (holding that the habeas corpus petitioner would be entitled to immediate release if he was not brought to trial within thirty days and the state did not properly seek a continuance under the Jimmy Ryce Act);
 
 Meadows,
 
 763 So.2d at 1088-89 (considering the merits of a petition for writ of habeas corpus and/or prohibition challenging the trial court’s denial of petitioner’s motion to dismiss for failure to hold the trial within thirty days under the Jimmy Ryce Act).
 
 See also Kinder v. State,
 
 779 So.2d 512 (Fla. 2d DCA 2000) (granting a petition for writ of prohibition, which the court treated as a petition for writ of mandamus, challenging the trial court’s denial of petitioner’s motion to dismiss for failure to, hold the trial within thirty days under the Jimmy Ryce Act),
 
 approved,
 
 830 So.2d 832 (Fla.2002). Thus, we conclude that appellant waived his claim by waiting to raise it in this appeal rather than seeking immediate relief by habeas corpus upon expiration of the thirty-day deadline. However, because this issue appears to be one of first impression, we certify the following question as one of great public importance:
 

 WHEN A RESPONDENT WHO HAS SERVED HIS OR HER PRISON SENTENCE IS NOT BROUGHT TO TRIAL WITHIN THIRTY DAYS OF THE FINDING OF PROBABLE CAUSE UNDER THE JIMMY RYCE ACT, MUST THE RESPONDENT FILE A MOTION TO DISMISS AND, IF THE MOTION IS DENIED, SEEK RELIEF BY HABEAS CORPUS, TO PRESERVE THE CLAIM THAT THE MOTION SHOULD HAVE BEEN GRANTED?
 

 In conclusion, we affirm appellant’s involuntary civil commitment under the Act, but certify the above question to our supreme court.
 

 AFFIRMED.
 

 WETHERELL, J., concurs; MARSTILLER, J., concurs in result only.