WETHERELL, J.,
concurring.
I do not read the majority opinion to approve the trial court’s dismissal of the original petition based on Boatman. Indeed, the propriety of that decision is not squarely before the court because the state did not pursue its appeal of the dismissal order. Accordingly, even though I disagree with the trial court that Boatman compelled dismissal of the original petition,[2] I fully concur in the majority opinion.

. Boatman involved a respondent who objected to the state’s motion to continue the trial beyond the 30-day statutory period, whereas this case involves a respondent who, the record suggests, agreed to an indefinite waiver of the statutory trial period for strategic reasons and then did not object to his continued confinement for nearly five years before filing a motion to dismiss. There is persuasive authority suggesting that dismissal is not required under these circumstances. See Kolin v. State, 927 So.2d 198 (Fla. 5th DCA 2006); Curry v. State, 880 So.2d 751 (Fla. 2d DCA), rev. denied, 888 So.2d 17 (Fla.2004). But cf. § 394.916(2), Fla. Stat. (authorizing one continuance of not more than 120 days and stating that "[n]o additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur").