PER CURIAM.
 

 Frank Richards, a pretrial detainee under the Involuntary Civil Commitment
 
 *1265
 
 of Sexually Violent Predators Act,
 
 [1]
 
 filed a petition for writ of prohibition, certiorari, or habeas corpus seeking his immediate release from pretrial detention and dismissal of the petition for involuntary civil commitment without prejudice because of the State’s failure to bring him to trial within thirty days from the date of the probable cause determination as required by section 394.916(1), Florida Statutes (2009). By order, we treated the petition as a petition for writ of habeas corpus.
 
 [2]
 
 We granted the petition, ordered that Richards be immediately released from detention, and dismissed the commitment petition without prejudice. This opinion follows.
 

 The State filed the commitment petition on January 20, 2010. On that same day, the circuit court found that probable cause existed to believe that Richards is a sexually violent predator and ordered that he be involuntarily detained while simultaneously appointing him an attorney. On January 21, the State issued a summons to Richards as required by Florida Rule of Civil Procedure for Involuntary Commitment of Sexual Predators 4.070(a), which advised him that he had ten calendar days from the date of service to file an answer to the petition. On March 31, 2010, Richards, through appointed counsel, filed a motion to dismiss the commitment petition and for immediate release. The basis for the requested relief was twofold: that the circuit court did not conduct the mandatory status hearing within five days from the date of the service of the summons as required by Florida Rule of Civil Procedure for Involuntary Commitment of Sexual Predators 4.240(a), and that the State did not bring Richards to trial within thirty days from the probable cause determination as required by section 394.916(1).
 

 At the April 1, 2010, hearing on the motion to dismiss, counsel advised: “It’s not necessary for the court to reach the five-day issue [regarding the setting of the status hearing] because we already have the thirty-day issue violated.” Counsel did, however, argue that Richards was entitled to immediate release and to have the commitment petition dismissed without prejudice because he was not brought to trial within thirty days from date of the probable cause determination. The assistant state attorney advised the circuit court that she had received Richards’ answer to the commitment petition that very day. Following argument, the circuit judge orally denied the motion to dismiss, finding that the thirty-day period for bringing Richards to trial began to run from the date of the service of the answer to the commitment petition and not from the date of the probable cause determination. The circuit court also found that Richards was not prejudiced by the fact that a status hearing was not held within five days from the service of the summons because the purpose of the status hearing was to ensure that Richards was represented by counsel and counsel was appointed the day the probable cause determination was made.
 

 
 *1266
 
 Richards filed the present petition in this court on December 29, 2010. The State in its response to the petition argues that Richards waived the claims raised in the petition, relying on
 
 Boatman v. State,
 
 39 So.3d 391 (Fla. 1st DCA 2010),
 
 review granted,
 
 43 So.3d 690 (Fla.2010), and
 
 Kotin v. State,
 
 927 So.2d 198 (Fla. 5th DCA 2006). In
 
 Boatman,
 
 within thirty days from the date of the determination that probable cause existed to believe that Boatman was a sexually violent predator, the circuit court granted the State’s motion for a continuance of the trial on the commitment petition. 39 So.3d at 393. The trial was held a little over three months after the probable cause determination.
 
 Id.
 
 at 392-93. Immediately prior to trial, Boatman moved to dismiss the commitment petition on the basis that he was not brought to trial within thirty days from the date of the probable cause determination as required by section 394.916(1).
 
 Id.
 
 at 393. On direct appeal from the order of civil commitment, Boatman contended that the trial court erred in denying his motion to dismiss the commitment petition.
 
 Id.
 
 The First District concluded that the circuit court abused its discretion in granting the State’s motion for a continuance and that the proper remedy where the thirty-day deadline was not validly extended would have been to release Boatman and dismiss the commitment petition without prejudice.
 
 Id.
 
 at 394. The court held, however, that the issue was waived where Boatman waited until the appeal from the order of commitment to raise it.
 
 Id.
 
 at 395. The court stated:
 

 We believe that, to further the legislature’s intent that such trials be held promptly, the proper remedy in such cases is for the respondent [to the commitment petition] to file a motion to dismiss the petition as soon as the thirty-day deadline has expired, and to seek immediate relief by habeas corpus if the motion is denied.
 

 Id.
 

 In the present case, Richards did not wait until the direct appeal of the order of commitment to raise the issue that the State failed to bring him to trial within thirty days from the date of the probable cause determination. An order of commitment has not been entered in this case. Richards filed the petition for writ of habe-as corpus prior to the date of the trial on the commitment petition, and our order dismissing the petition without prejudice and requiring Richards’ immediate release issued prior to the trial date.
 
 [3]
 
 Florida Rule of Appellate Procedure 9.100(c) does not require that a petition for writ of habe-as corpus be filed within a certain number of days from the rendition of the order to be reviewed. This court is reluctant to impose such a requirement for review of orders in civil commitment proceedings. We therefore conclude that Richards did not waive the issues raised in the petition for writ of habeas corpus by failing to file the petition “immediately” following the circuit court’s denial of his motion to dismiss.
 

 The
 
 Kolin
 
 court, citing
 
 Osborne v. State,
 
 907 So.2d 505 (Fla.2005), noted that the requirement under section 394.916(1) that trial commence within thirty days after the circuit court determined that probable cause existed to believe that a detainee was a sexually violent predator is not jurisdictional and can be waived. 927 So.2d at 199-200. The court held that Kolin waived the thirty-day deadline where he elected not to file a timely motion to dismiss and
 
 *1267
 
 he failed to raise the issue in his answer to the commitment petition.
 
 [4]
 

 Id.
 
 at 200. In
 
 Kolin,
 
 after the entry of the probable cause determination, the circuit court set an initial trial date twenty-eight days after the expiration of the thirty-day deadline for bringing Kolin to trial.
 
 Id.
 
 at 199. Although aware of the issue, Kolin chose not to file a motion to dismiss based on the violation of the deadline.
 
 Id.
 
 Instead, on the day trial was set, Kolin moved to continue the case, asserting the need for more preparation time.
 
 Id.
 
 For more than three years, he filed additional motions to continue as each trial date approached.
 
 Id.
 
 Finally, on the day of trial, Kolin filed a motion to dismiss the commitment petition for a violation of section 394.916(1).
 
 Id.
 
 Thus, Kolin did not move to dismiss the commitment petition until more than three years after the thirty-day period had run and not before he had filed four motions to continue the trial date.
 
 Id.
 

 In the present case, the commitment petition was filed on January 20, 2010, with the probable cause determination being made on that same date. The motion to dismiss for violation of section 394.916(1) was filed on March 31, 2010, which was a little more than two months after the probable cause determination. At that time, trial on the commitment petition had not been set, Richards had not filed an answer or requested a continuance, and the circuit court had not even conducted the mandatory status hearing required by rule 4.240 to determine whether Richards was entitled to appointed counsel. Richards did not request a continuance of the trial date until after the circuit court denied the motion to dismiss. The facts of the present case are significantly different from the facts of
 
 Kolin,
 
 and the holding of
 
 Kolin
 
 does not control in the present case.
 

 In the petition for writ of habeas corpus, Richards contends that he should be released and the commitment petition be dismissed because the circuit court did not conduct a status hearing within five days from the service of the summons as required by rule 4.240(a). We conclude that this issue was waived where Richards’ counsel, at the hearing on the motion to dismiss, advised the circuit court that “[fit’s not necessary for the court to reach the five-day issue because we already have the thirty-day issue violated.” Regardless, there is no authority whatsoever for the proposition that the commitment petition should be dismissed without prejudice and the detainee released if a status hearing is not conducted within five days from the date of the service of the summons.
 

 Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators 4.200(a) directs the trial court to enter an order appointing counsel upon entry of an order finding probable cause. Rule 4.070(a) states that the clerk
 
 *1268
 
 of circuit court shall issue a summons, a copy of the- commitment petition, and a copy of the order finding probable cause to the detainee upon receipt of the trial court’s order finding probable cause. Rule 4.240(a) states that the trial court shall conduct a status hearing within five days after the service of the summons to determine if the detainee is entitled to court appointed counsel. The rule states that the detainee should be given a reasonable time to secure private counsel if he so requests and a Faretta
 
 [5]
 
 inquiry should be conducted if he elects to represent himself. Thus, the rules contemplate that the detainee be appointed counsel prior to the status hearing. The purpose of the status hearing is to finalize the appointment of counsel, to allow the detainee to hire private counsel, or to allow the detainee to represent himself. In the present case, counsel was appointed at the time of the probable cause determination and counsel still represents Richards to date. Under such circumstances we would not consider that the failure to hold the status hearing in the five-day period set forth in rule 4.240(a) requires that the commitment petition be dismissed without prejudice. We would note, however, that the State and the circuit court should strictly comply with the time periods set forth in the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators and that there could be a situation in which the failure to timely conduct the status hearing may interfere with the right of the detainee to be brought to trial within thirty days from the date of the probable cause determination if it impedes the detainee’s preparation for trial.
 

 Richards alternatively argues that the commitment petition should be dismissed without prejudice and that he should be released because the State did not bring him to trial within thirty days from the date of the probable cause determination as required by section 894.916(1). The supreme court in
 
 Osborne
 
 held that, absent a demonstration of prejudice sufficient to require dismissal of the commitment petition with prejudice, a violation of the thirty-day time period for bringing the case to trial requires release of the detainee and dismissal of the commitment petition without prejudice. 907 So.2d at 508. Richards does not contend that the petition should be dismissed with prejudice, and the facts in this case would not support such an argument. The State, in its response to the petition for writ of habeas corpus does not dispute that Richards was not brought to trial within thirty days from the date of the probable cause determination, but rather contends that the circuit court correctly ruled that the thirty-day period does not begin to run until the detainee files an answer to the commitment petition because the cause is not “at issue” until such time.
 

 We conclude, however, that the thirty-day period begins to run from the date of the probable cause determination rather than the date the detainee files an answer to the commitment petition. The supreme court, in
 
 In re Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, 13
 
 So.3d 1025 (Fla.2009), could have modified the proposed rules by adding a proviso that the thirty-day period begins to run only upon the filing of an answer, but the court did not do so. Such a rule would be in direct conflict with the intent of the legislature as reflected in section 394.916(1) that the thirty-day period commence upon the date of the probable cause determination.
 

 
 *1269
 
 Rule 4.070(a) states that, upon receipt of an order finding probable cause, the clerk of circuit court shall issue a summons to the detained individual. The summons directs the individual to file an answer to the commitment petition within ten days from the date of service of the summons. The rule further states that the finding of probable cause “shall not become effective until the summons is returned served and filed with the clerk of court.” Rule 4.070(b) requires that the person in charge of the facility where the individual is confined “shall make a return on the summons within 24 hours after making service, by electronically confirming to the state attorney that service has been made.” The state attorney is then directed to file a printed copy of the return along with the summons with the clerk on the first business day after receiving it. Rule 4.240(a) states that trial is to be held within thirty days after the summons has been returned served and filed with the clerk, which is the date the probable cause determination becomes effective pursuant to rule 4.070(a). Even taking into account weekends and holidays, the served summons must be returned and filed with the clerk within a few days of service at the most and certainly fewer than ten days after the service of the summons. Because the detainee has ten days from the service of the summons to file an answer and the summons must be returned and filed with the clerk before then, the thirty-day period for bringing the detainee to trial starts running before the answer is due. Accordingly, under the rules as well as the statute, it is not the filing of the answer to the commitment petition that starts the thirty-day period running; rather, that period is activated by the circuit court’s determination that probable cause exists to believe the detainee is a sexually violent predator.
 

 We must also consider constitutional due process and whether the right to trial within thirty days from the date of the probable cause determination is a substantive right. In
 
 State v. Goode,
 
 830 So.2d 817 (Fla.2002), the supreme court, in holding that the thirty-day period was mandatory, stated:
 

 Indefinite commitments under the Ryce Act clearly do not present situations where compliance is a matter of convenience or inconsequential matters are at issue. To the contrary, under the Ryce Act, detainees could literally be committed indefinitely for the rest of their lives. The U.S. Supreme Court has stated that even in civil commitments “[f|reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.”
 
 Foucha v. Louisiana,
 
 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 487 (1992). “It is clear that ‘commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.’ ”
 
 Jones v. United States,
 
 463 U.S. 354, 361, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (quoting
 
 Addington v. Texas,
 
 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323, (1979)). Obviously these commitments involve serious substantive rights with constitutional implications.
 

 Id.
 
 at 825. The court, after noting that the Jimmy Ryce Act was based on Kansas’s similar statutory scheme, concluded:
 

 [B]ecause both the Kansas and Florida Legislatures were concerned about the patent constitutional issues implicit in any scheme of involuntary and indefinite detention to be imposed in addition to specific criminal penalties imposed for the same underlying conduct, it is apparent that they sought to counter those concerns and temper the drastic effects of the indefinite detention scheme by the
 
 *1270
 
 .imposition of rigid time constraints set out in explicit language in the acts.
 

 Id.
 
 at 822. The court went on to state that the “Legislature’s interest in imposing rigid time constraints is expressly reflected in the language of section 394.916(1), which specifically states that the court ‘shall’ conduct a trial within thirty days after the determination of probable cause.”
 
 Id.
 
 at 823. Thus, the supreme court in
 
 Goode
 
 determined that the legislature provided the detainee with a substantive right to have the trial conducted within thirty days from the probable cause determination. We conclude therefore that, the filing of, or failure to file, an answer to the commitment petition does not affect that substantive right provided by the legislature.
 

 Accordingly, the petition for writ of ha-beas corpus is granted.
 

 WHATLEY, KELLY, and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . The Involuntary Civil Commitment of Sexually Violent Predators Act, sections 394.910-.932, Florida Statutes (2009), is also known as the Jimmy Ryce Act.
 

 [2]
 

 . A petition for writ of habeas corpus is a proper vehicle to challenge the failure of the State to bring a Jimmy Ryce detainee to trial • within thirty days from the probable cause determination.
 
 See Ennis v. Regier,
 
 869 So.2d 701, 703 (Fla. 2d DCA 2004) (holding that "Ennis’s contention that the State did not comply with the time requirements of the Ryce Act does raise an issue that is properly the subject of a habeas petition”);
 
 see also Boatman v. State,
 
 39 So.3d 391, 395 (Fla. 1st DCA 2010),
 
 review granted,
 
 43 So.3d 690 (Fla. 2010).
 

 [3]
 

 . The attachments to the State's response to the petition for writ of habeas corpus showed that trial was set for February 15, 2011. This court’s order dismissing the commitment petition without prejudice was entered on January 28, 2010.
 

 [4]
 

 . The
 
 Kolin
 
 court did not indicate the date the answer was filed in that case. The Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators were effective July 9, 2009.
 
 See In re Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators,
 
 13 So.3d 1025 (Fla.2009).
 
 Kolin
 
 issued over three years pri- or to the effective date of the rules. The
 
 Kolin
 
 court, in holding that Kolin's failure to raise the violation of the thirty-day period in the answer to the commitment petition waived that issue, cited to the Florida Rules of Civil Procedure. Rule 4.070(a) states that, upon receipt of an order finding probable cause, the clerk of circuit court shall issue a summons to the detainee directing him to file an answer to the commitment petition within ten days from the date of service of the summons. Rule 4.240(a) states that trial is to be held within thirty days from the date the summons has been returned served and filed with the clerk. Thus, under the rules, the detainee, in a timely filed answer, could never assert as a defense the fact that trial was not commenced within the thirty-day period.
 

 [5]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).