# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-814
Lower Tribunal No. 14-21684
_____

**Gibraltar Private Bank & Trust,**
Petitioner,

vs.

**Walter Schacht,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Shook, Hardy & Bacon LLP, and Daniel B. Rogers, for petitioner.

Weil Quaranta, P.A., and Ronald Weil and Mary Olszewska, for respondent.

Before ROTHENBERG, SCALES and LUCK, JJ.

*ON MOTION TO RELINQUISH JURISDICTION*

SCALES, J.

The parties move this Court to relinquish jurisdiction to allow the lower court to enter a stipulated, amended order that would vacate the trial court's earlier order, rendering this certiorari proceeding moot. For the following reasons, we treat the motion to relinquish jurisdiction as a motion seeking an extension of time for respondent to file a response to the petition, and grant same.

In March 2017, the trial court entered a non-final order compelling the deposition of Gibraltar Private Bank & Trust's corporate representative. Gibraltar, the defendant below, argues that the trial court's March 2017 order requires the disclosure of privileged and protected information. Gibraltar filed a petition with this Court seeking certiorari review of the trial court's March 2017 order.

We ordered the plaintiff, Walter Schacht, to file a response. Prior to Schacht filing any response, the parties jointly filed the instant motion with this Court requesting that we relinquish jurisdiction to allow the lower court to enter a stipulated, amended order.

We decline to adjudicate the parties' motion to relinquish jurisdiction because the motion is unnecessary. While a trial court is without jurisdiction to vacate a non-final order which has been *appealed*,[1] a party's filing of a certiorari

---

[1] Soles v. Soles, 536 So. 2d 367 (Fla. 1st DCA 1988) (concluding that the lower court exceeded its concurrent jurisdiction in clarifying and modifying a non-final order after the appellant had filed a notice of appeal of the non-final order) ; see also Fla. R. App. P. 9.130(f) ("In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final

petition challenging an interlocutory discovery order does not divest the trial court of jurisdiction. See Curry v. State, 880 So. 2d 751, 755-56 (Fla. 2d DCA 2004). Absent a stay, the filing of such a petition has no effect on the lower court's ability to proceed to adjudicate the case. Id. at 756.

The parties' motion seeks a relinquishment for forty-five days to allow the trial court to revisit its March 2017 order. In light of the above, we treat the parties' motion as seeking a forty-five day extension of time for Schacht to file his response to Gilbratar's petition, and grant same. If the trial court enters an amended order rendering its March 2017 order moot, then Gilbralter should simply file a notice of dismissal of its certiorari petition as contemplated in Florida Rule of Appellate Procedure 9.350(b).

Motion for extension of time granted.

---

order disposing of the cause pending such review absent leave of the court.").