# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-2360

_____

STATE FARM FLORIDA
INSURANCE COMPANY,

    Petitioner,

    v.

CAROL ANN BELLAMY,

    Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.
David W. Fina, Judge.

September 10, 2020

B.L. THOMAS, J.

State Farm challenges the trial court's order allowing Bellamy to file an amended complaint asserting claims for punitive damages and allowing Bellamy to proceed with bad faith claims.

State Farm issued an insurance policy to Bellamy insuring property located in Live Oak, Florida. On or about December 23, 2012, the insured property was damaged as a result of a fire. Bellamy notified State Farm, and, after an investigation and inspection of the premises, State Farm denied coverage for any losses caused by the fire.

Bellamy filed a complaint against State Farm for its failure to cover losses caused by the fire. After filing multiple complaints, the trial court granted Bellamy's "Motion for Leave to File a Fourth Amended Complaint." The trial court order permitted Bellamy to bring forth the bad faith claims of insurance bad faith and deceptive and unfair business practices, as well as claims for punitive damages. State Farm filed this petition for writ of certiorari, challenging the trial court's order. The trial court then issued a subsequent order that set aside the trial court's previous order and denied Bellamy's motion to amend to add bad faith claims because such claims were premature.

Furthermore, the trial court issued another subsequent order which clarified its previous order setting aside Bellamy's motion to amend to add bad faith claims. The subsequent order stated that the previous order applied to both of Bellamy's bad faith claims and abated such claims until contractual liability and damages were determined. The order also struck any and all claims for punitive damages.

Absent a stay, the filing of a petition has no effect on the trial court's ability to proceed to adjudicate a case. *Gibraltar Private Bank & Trust v. Schact*, 220 So. 3d 1234, 1236 (Fla. 3d DCA 2017). On appeal, a case is moot where, by a change of circumstances prior to the appellate court's decision, the judiciary is unable to grant any effectual relief. *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992); *Montgomery v. Dep't of Health & Rehab. Servs.*, 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985).

The trial court's subsequent orders prohibited Bellamy from asserting her claims for punitive damages or bringing forth her bad faith claims. This is the relief State Farm sought in its petition for writ of certiorari. As a result, a judicial determination by this Court would not grant any effectual relief to State Farm. *See Godwin*, 593 So. 2d at 212; *Montgomery*, 468 So. 2d at 1016. Because this Court is unable to grant any effectual relief, this case is moot. *Id.* This Court may dismiss a case once it is deemed moot, so we dismiss State Farm's petition for writ of certiorari. *Godwin*, 593 So. 2d at 212 ("A moot case generally will be dismissed.").

DISMISSED.

2

W<span>INOKUR</span> and J<span>AY</span>, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Reed W. Grimm of Taylor, Day, Grimm & Boyd, Jacksonville; Rhonda B. Boggess of Marks Gray, P.A., Jacksonville, for Petitioner.

James P. Mason of the Law Office of James P. Mason, Rexford, Montana; Frederick J. Schutte, IV, Live Oak, for Respondent.