DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COPIA BLAKE** and **PETER BIRZON,**
Appellants,

v.

**ANN-MARIE GIUSTIBELLI, P.A.,** and **ANN-MARIE GIUSTIBELLI,**
individually,
Appellees.

No. 4D14-3231

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 12-22244 (12).

Copia Blake, Kansas City, MO, and Peter Birzon, Weston, pro se.

Ann-Marie Giustibelli, Plantation, for appellees.

CIKLIN, C.J.

After a non-jury trial, the trial court awarded the appellee, attorney Ann-Marie Giustibelli, damages in this libel and breach of contract case. In their initial brief on appeal, the appellants, Copia Blake and Peter Birzon, raised five issues. After briefs were filed and the court spent considerable time entertaining the issues raised, Birzon filed a notice that he and the appellee had settled the matter and that he was withdrawing his appeal. Blake did not join in the notice. We note that even if she had, we would not have dismissed the appeal. One issue Blake and Birzon raised involves the application of free speech protections to reviews of professional services posted on the internet. We affirm in all respects, but this issue merits discussion as it presents a scenario that will likely recur, and the public will benefit from an opinion on the matter. *See Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 248-49 (Fla. 4th DCA 2011) (recognizing that appellate court has discretion to retain jurisdiction over an appeal after it has been voluntarily dismissed, particularly where "the case presents a question of public importance and substantial judicial labor has been expended" (quoting *State v. Schopp*, 653 So. 2d 1016, 1018 (Fla. 1995))).

Attorney Giustibelli represented Copia Blake in a dissolution of marriage proceeding brought against Peter Birzon. After a breakdown in the attorney-client relationship between Giustibelli and her client, Blake and oddly, Birzon as well, took to the internet to post defamatory reviews of Giustibelli. In response, Giustibelli brought suit, pleading a count for libel. She also brought counts for breach of contract and for attorney's fees, alleging that Blake still owed her money related to the divorce representation.

Blake's and Birzon's posted internet reviews contained the following statements:

> This lawyer represented me in my divorce. She was combative and explosive and took my divorce to a level of anger which caused major suffering of my minor children. She insisted I was an emotionally abused wife who couldn't make rational decisions which caused my case to drag on in the system for a year and a half so her FEES would continue to multiply!! She misrepresented her fees with regards to the contract I initially signed. The contract she submitted to the courts for her fees were 4 times her original quote and pages of the original had been exchanged to support her claims, only the signature page was the same. Shame on me that I did not have an original copy, but like an idiot . . . I trusted my lawyer. Don't mistake sincerity for honesty because I assure you, that in this attorney's case, they are NOT the same thing. She absolutely perpetuates the horrible image of attorneys who are only out for the money and themselves. Although I know this isn't the case and there are some very good honest lawyers out there, Mrs. Giustibelli is simply not one of the "good ones[.]" Horrible horrible experience. Use anyone else, it would have to be a better result.
>
> **********
>
> No integrity. Will say one thing and do another. Her fees outweigh the truth. Altered her charges to 4 times the original quote with no explanation. Do not use her. Don't mistake sincerity for honesty. In her case, they're not at all the same. Will literally lie to your face if it means more money for her. Get someone else. . . . Anyone else would do a superior effort for you.
>
> **********

2

I accepted an initial VERY fair offer from my ex. Mrs. Giustibelli convinced me to "crush" him and that I could have permanent etc. Spent over a year (and 4 times her original estimate) to arrive at the same place we started at. Caused unnecessary chaos and fear with my kids, convinced me that my ex cheated (which he didn't), that he was hiding money (which he wasn't), and was mad at ME when I realized her fee circus had gone on long enough and finally said "stop[.]" Altered her fee structures, actually replaced original documents with others to support her charges and generally gave the kind of poor service you only hear about. I'm not a disgruntled ex-wife. I'm just the foolish person who believes that a person's word should be backed by integrity. Not even remotely true in this case. I've had 2 prior attorneys and never ever have I seen ego and monies be so blatantly out of control.

Both Blake and Birzon admitted to posting the reviews on various internet sites. The evidence showed that Blake had agreed to pay her attorney the amount reflected on the written retainer agreement—$300 an hour. Blake and Birzon both admitted at trial that Giustibelli had not charged Blake four times more than what was quoted in the agreement. The court entered judgment in favor of Giustibelli and awarded punitive damages of $350,000.

On appeal, Blake and Birzon argue that their internet reviews constituted statements of opinion and thus were protected by the First Amendment and not actionable as defamation. We disagree. "[A]n action for libel will lie for a 'false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in [their] office, occupation, business or employment.'" *LRX, Inc. v. Horizon Assoc. Joint Venture ex rel. Horizon-ANF, Inc.*, 842 So. 2d 881, 885 (Fla. 4th DCA 2003) (quoting *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803 (Fla. 1st DCA 1997)).[1]

---

[1] Statements of pure opinion are not actionable. *Morse v. Ripken*, 707 So. 2d 921, 922 (Fla. 4th DCA 1998). However, "there is no constitutional value in false statements of fact." *Id.* (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974)). If a factfinder "were to conclude that any of the [assertions of fact] in the [publication] were false, [this] would allow the [factfinder] to disregard the pure opinion defense." *LRX*, 842 So. 2d at 886.

Here, all the reviews contained allegations that Giustibelli lied to Blake regarding the attorney's fee. Two of the reviews contained the allegation that Giustibelli falsified a contract. These are factual allegations, and the evidence showed they were false.

As part of their "free speech" claim, Blake and Birzon point out that the judgment references defamation "per se." They argue that libel per se no longer exists as a legal concept after the decision by the United States Supreme Court in *Gertz*, 418 U.S. 323 (1974). "[A] publication is libelous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953); *see also Shafran v. Parrish*, 787 So. 2d 177, 179 (Fla. 2d DCA 2001) ("When a statement charges a person with committing a crime, the statement is considered defamatory *per se*." (citation omitted)). In *Gertz*, the Court held that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." *Gertz*, 418 U.S. at 347. After *Gertz*, the Florida Supreme Court recognized that, with respect to a libel action *against the media*, it is no longer accurate to say that "'[w]ords amounting to a libel per se necessarily import damage and malice in legal contemplation, so these elements need not be pleaded or proved, as they are conclusively presumed as a matter of law.'" *Mid-Fla. Television Corp. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985) (quoting *Layne v. Tribune Co.*, 146 So. 234 (1933)). Thus, after *Gertz*, in libel cases involving media defendants, fault and proof of damages must always be established.

Notably, the instant case does not involve a media defendant. Libel per se otherwise still exists in Florida. *See Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 727-29 (Fla. 4th DCA 2010) (containing discussion of the presumption of damages that applies in defamation per se cases); *Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. 2d DCA 1985) (reversing trial court's grant of a motion to dismiss a libel per se action brought by a former editor of a newspaper against his supervisor, who had written a letter to a reader suggesting that the editor was fired for reasons that were shameful); *Owner's Adjustment Bureau, Inc. v. Ott*, 402 So. 2d 466, 470 (Fla. 3d DCA 1981) (concluding that statements in a letter amounted to libel per se as a matter of law).

As to the remaining arguments raised on appeal, we decline to

address them as they are not sufficiently briefed, not preserved, or lack merit.

*Affirmed.*

MAY and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***