CONNER, J.
The petitioners seek certiorari review from a trial court order granting the respondent’s motion for leave to, amend his complaint to seek punitive damages on a claim of defamation per se. See § 768.72, Fla. 'Stat. (2015). The petitioners contend the trial court erred in failing to determine there was a sufficient evidentiary proffer to support amending the complaint to seek punitive damages.- We agree and quash the trial court order.
At the hearing conducted on the motion, the respondent contended his proffer was sufficient because: (1) the complaint clearly established that he, as a wrongfully discharged employee, was seeking dam *910 ages for defamation per se; (2) there was no dispute as to the words petitioner Til-ton, an executive of the company, wrote in the letter to Forbes magazine stating that he stole from the company; and (3) his affidavit in support of the motion stated that he did not steal from the company. Much of the1 respondent’s arguments focused on his contention that our opinion in Lawnwood Medical Center, Inc. v. Sadow, 43 So.3d 710 (Fla. 4th DCA 2010), stands for the proposition that'an action for defamation per se entitles a plaintiff to seek punitive damages because malice is presumed,1 and punitive damages are appropriate, even if the jury concludes there are no compensatory damages.
However, the petitioners argued at the hearing that the evidentiary showing for punitive damages required a proffer of evidence from which a jury could conclude, by clear and convincing evidence, that the petitioners knew the statement that the respondent stole money from the company was false. The petitioners further argued that the respondent’s conclusory, self-serving statements in his affidavit were insufficient for the required proffer of evidence.
The trial court entered an order simply stating the motion was granted.
Section 768.72, Florida Statutes (2015), provides that a claim for punitive damages will not be permitted uhless there is a “reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.” Florida Rule of Civil Procedure 1.190(f) provides:
Claims for Punitive Damages. A motion for leave to amend a pleading to assert a claim for punitive damage's shall ■ make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages. The motion to amend can be filed separately and before the supporting evidence or proffer, but each shall be served on all parties at least 20 days before the hearing.
Notably, an evidential hearing is not required. Strasser v. Yalamanchi, 677 So.2d 22, 23 (Fla. 4th DCA 1996) (“Pursuant to section 768.72, a proffer of evidence can support a trial court’s determination.”).
Certiorari review is available to determine whether a trial court has complied with the procedural requirements of section 768.72, but not to review the sufficiency of the .evidence. Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla.1995).
The trial court did not explain in its written order the basis for its decision. However, the statements by the trial court during the hearing fail to show "that the trial court made any decision"concerning the sufficiency of the evidentiary proffer; instead, the trial court appears to have concluded that Lawnwood stands for the proposition that as a matter of law, a complaint alleging defamation per se entitles the plaintiff to seek punitive damages.
If the trial court did evaluate the sufficiency of the proffer, then it appears the trial court erred in determining that the respondent proffered sufficient evidence to make a prima facie showing of intentional or grossly negligent conduct by the petitioners for a jury to award punitive damages. We agree with the petitioners that proof of liability for defamation per se requires a showing that the declarant knew or should have known the defamatory statement was not true. Blake v. Giustibelli, 182 So.3d 881, 884 (Fla. 4th DCA 2016) (“[A]n action for libel will lie for a ‘false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy-or which causes such person to be avoided, or which has a tendency to injure *911 such person in [their] office,. occupation, business or employment.’” (alterations in original) (quoting LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. 4th DCA 2003)). The respondent’s self-serving affidavit, asserting that he did not steal money from the company, was legally insufficient to show the petitioners’ knowledge of the falsity of the alleged défamato-ry statement.
Having -determined the trial court departed from the essential requirements of the law in allowing the respondent to plead a punitive damages claim without a sufficient evidentiary proffer, we grant the petition and quash the order on review.

Petition granted.

TAYLOR and GERBER, JJ., concur.