DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK H. LEINBERGER** and **KYLE FOREMAN,**
Petitioners,

v.

**JOEL MAGEE,**
Respondent.

No. 4D17-1400

[August 23, 2017]

Petition for Writ of Certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 2016CA008470XXXXMB.

Roger Levine and Amy D. Shield of Shield & Levine, P.A., Boca Raton, and Bennett S. Cohn of Law Offices of Bennett S. Cohn, West Palm Beach, for petitioners.

Scott D. McKay of McKay Law Firm, P.A., Bradenton, for respondent.

PER CURIAM.

Petitioners Mark Leinberger and Kyle Forman seek certiorari review of a trial court order that granted respondent Joel Magee's motion for leave to claim punitive damages. Certiorari lies to review this order because the trial court failed to follow the procedures required for such pleadings. *See Tilton v. Wrobel*, 198 So. 3d 909 (Fla. 4th DCA 2016).

The complaint alleged tortious interference with a business relationship and defamation. An email attached to the complaint was sent to a hotel representative at a site where respondent had contractually agreed to conduct a toy buying event. The email contained a claim that respondent was acting beyond his contractually limited territory in conducting the event there, had a poor reputation in the collectible toy community and had "run afoul of the Better Business Bureau."

The trial court conducted a hearing on respondent's motion for leave to amend, but there was no court reporter present and thus no transcript can be provided. The court granted the motion in an order that did not explain its rationale and did not indicate for which counts it intended to allow a punitive damages claim.

Section 768.72(1), Florida Statutes (2016), provides that a punitive damages claim is permitted only on a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." In *Varnedore v. Copeland*, 210 So. 3d 741 (Fla. 5th DCA 2017), the Fifth District recently granted a petition while framing the procedural requirements for a motion for leave to amend to seek punitive damages.

First, the movant must attach the proposed amended pleading to the motion seeking leave to amend, in compliance with Florida Rule of Civil Procedure 1.190(a). *Id.* at 744-47. The record in this case reveals no proposed amended pleading was attached to respondent's motion for leave to amend. Petitioner correctly argues that this failure warrants certiorari relief. "Moving to amend without attaching a copy of the proposed amended pleading is insufficient." *Id.* at 745.

Second, *Varnedore* held that pursuant to rule 1.190(f), the "proffer" or other evidence of record to support the punitive damages claim must be served prior to the hearing on the motion for leave to amend. *Id.* at 747. The rule requires that it be served at least twenty days before the hearing. Our record does not demonstrate compliance with this requirement either.

Third, the trial court must make an affirmative finding that the plaintiff made a "'reasonable showing by evidence,' which would provide a 'reasonable evidentiary basis for recovering such damages' if the motion to amend is granted." *Id.* at 747-48 (quoting *SAP Am. Inc. v. Royal Flowers, Inc.*, 187 So. 3d 946, 947 (Fla. 3d DCA 2016)). The trial court's order under review contained no such finding and did not reference such an affirmative finding made at the hearing either.

In granting the petition, this court is not reweighing or considering the sufficiency of the evidence presented. That is not permitted under the case law. *Globe Newspaper Co. v. King*, 658 So. 2d 518, 520 (Fla. 1995). Rather, we conclude that the trial court failed to comport with the procedural requirements for entertaining and ruling on a motion to

amend under section 768.72(1), Florida Statutes (2016), Florida Rule of Civil Procedure 1.190(a) and the case law.

*Petition granted. Order quashed.*

GROSS, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***