DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE EVENT DEPOT CORP.,**
Petitioner,

v.

**ROBERT FRANK** and **TERRI FRANK,** Individually, and as Parents and
Natural Guardians of **ELIZABETH FRANK**, a Minor Child,
Respondents.

No. 4D18-2306

[April 24, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case
No. CACE15-7393 03.

Eric C. Morales and Jason H. Klein of Wood, Smith, Henning & Berman,
LLP, Miami, for petitioner.

Daniel Mahfood and Bryan S. Gowdy of Creed & Gowdy, P.A.,
Jacksonville, and Jonathan R. Gdanski and David Silverman of
Schlesinger Law Offices, P.A., Fort Lauderdale, for respondents.

FORST, J.

Petitioner The Event Depot Corp., a defendant in the personal injury
lawsuit below, seeks certiorari review of an amended order allowing the
plaintiffs Robert and Terri Frank, individually and as parents and natural
guardians of their minor child, Elizabeth Frank ("Respondents"), to seek
punitive damages against Petitioner. Petitioner argues the order fails to
specify a finding of a reasonable evidentiary basis for recovering punitive
damages against a corporate defendant.[1] For the reasons explained below,
we deny the petition.

---

[1] Petitioner also argues that Respondents' fourth amended complaint, attached
to the second motion for leave to amend to seek punitive damages, was deficient
in alleging gross negligence under section 768.72(2)(b), Florida Statutes (2018).
Our review of the pleading refutes this argument, and we reject this point without
further discussion.

## Background

In 2011, Elizabeth Frank was injured when she fell from the "Psycho Swing" amusement ride at the Seminole Ball Park in Hollywood, Florida. Petitioner owned the equipment involved. In 2016, Respondents filed a nine-count amended complaint against Petitioner and other defendants, alleging causes of action for strict liability and negligence. Allegations included that the swing was missing crucial safety equipment, safety instructions, etc. Defendant The Celebration Source was alleged to have designed, manufactured, assembled, distributed, promoted, sold, leased, serviced, repaired, and placed the subject swing into the stream of commerce. Defendants Michael Campi, Paul Campi, David Campi, and Jeremy Soto were named in the suit as employees or agents of The Celebration Source. Defendant Timmy Hutson was purportedly operating the swing when Elizabeth Frank was injured.

In July 2017, Respondents moved for leave to amend their complaint to add a punitive damages claim against all defendants. The trial court granted leave to amend as to all defendants except Petitioner. In April 2018, Respondents filed a second motion for leave to amend to seek punitive damages against Petitioner. In July 2018, after a hearing, the trial court granted the motion, allowing Respondents to file a fourth amended complaint to seek punitive damages as to Petitioner. Petitioner timely sought certiorari review.[2]

In the order on review, the trial court said it considered the initial evidentiary proffer made at the hearing on the first motion for leave to amend. That proffer included: "(1) criminal charges for culpable negligence against defendant M. Campi; (2) report of ADP & Associates, Inc.; (3) mediation contractual agreement of M. Campi; (4) October 13, 2015 deposition of M. Campi; (5) Psycho Swing instruction manual and (6) October 22, 2015 deposition of P. Campi." Additionally, the trial court considered the proffer made at the second hearing, which included the deposition of Robert Murray, the Psycho Swing's creator and developer.

The court pointed to additional information from the Murray deposition

---

[2] While the petition was pending, the trial court amended its order on December 12, 2018. *See Gibraltar Private Bank & Tr. v. Schacht*, 220 So. 3d 1234, 1235 (Fla. 3d DCA 2017) ("While a trial court is without jurisdiction to vacate a non-final order which has been *appealed*, a party's filing of a certiorari petition challenging an interlocutory . . . order does not divest the trial court of jurisdiction.") (footnote omitted). This amendment led to the amended petition for writ of certiorari now before this court.

offered by Respondents at the second hearing to show that Petitioner "evinced a reckless disregard for the health and safety of human life by lending out the Psycho Swing and permitting it to be used without required safety harness, the owner's manual, or adequate safety training." This information included Murray's testimony that he invented, developed, made and sold the Psycho Swing in the 1990s, and had knowledge in operating the swing and developing its operating procedures, instruction manual and safety protocol, as well as his explanation of "the critical importance of the safety harness in its safe operation" and testimony that providing the swing for use by another company without the safety harness was "unconscionably something that you shouldn't do."

The trial court also cited evidence from Respondents' initial proffer, based on M. Campi's deposition testimony, suggesting that Petitioner "provided the Psycho Swing to The Celebration Source for use without providing the required safety harness."

The trial court ruled that the initial evidentiary proffer and the "newly proffered testimony of Mr. Murray" provided a reasonable evidentiary basis for recovery of punitive damages against Petitioner, and thus granted Respondents' motion.

## Analysis

To invoke certiorari, a petitioner must demonstrate "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (citation omitted).

In the seminal case of *Globe Newspaper Co. v. King*, the Florida Supreme Court held:

> appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

3

658 So. 2d 518, 519 (Fla. 1995) (emphasis added).

In *Leinberger v. Magee*, this court, relying on a decision of the Fifth District,[3] explained what the procedural requirements of section 768.72 entail. 226 So. 3d 899, 900 (Fla. 4th DCA 2017). "First, the movant must attach the proposed amended pleading to the motion seeking leave to amend in compliance with Florida Rule of Civil Procedure 1.190(a)." *Id.* Second, "the 'proffer' or other evidence of record to support the punitive damages claim must be served prior to the hearing on the motion for leave to amend." *Id.* "Third, the trial court must make an affirmative finding that the plaintiff made a reasonable showing by evidence, which would provide a reasonable evidentiary basis for recovering such damages if the motion to amend is granted." *Id.* at 901 (internal quotation marks omitted).

Here, there was a proposed amended complaint, a timely proffer, and a sufficient order. Thus, all three procedural steps were followed.

Yet, Petitioner contends that the trial court's "fail[ure] to specify a finding of a reasonable evidentiary basis for recovery of punitive damages against a *corporate defendant*," constituted a departure from the essential requirements of law. Petitioner points to section 768.72(3), Florida Statutes (2018), which provides that:

> (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
>
> > (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
> >
> > (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; *or*
> >
> > (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

---

[3] *Varnedore v. Copeland*, 210 So. 3d 741 (Fla. 5th DCA 2017).

(emphasis added).

Petitioner contends that the trial court's order contains no finding of a reasonable evidentiary basis consistent with the above statute. Petitioner also contends that Respondents presented no evidence implicating Petitioner's managers, officers, directors or principals of knowingly condoning, ratifying, or consenting to the alleged conduct.

Respondents have argued that Petitioner waived the right to raise challenges under section 768.72(3), Florida Statutes, based on corporate liability. The record refutes this position. Still, Petitioner's argument is flawed for two reasons. First, the second motion for leave to amend to seek punitive damages did not allege liability of the Petitioner corporation based on the conduct of any particular employee or agent. Rather, the basis for the punitive damages claim was Petitioner's alleged act of providing the Psycho Swing to The Celebration Source (i.e., placing it into the stream of commerce) without the safety harness, instruction manual and adequate safety training. This supports a punitive damages claim against the corporation under section 768.72(3)(c), Florida Statutes.

Second, this court is without jurisdiction to review the sufficiency of Respondents' evidentiary proffer. As discussed, the scope of this court's certiorari review is limited to whether the trial court has complied with the procedural requirements of section 768.72, Florida Statutes. *Fla. Hosp. Med. Servs., LLC v. Newsholme*, 255 So. 3d 348, 350 (Fla. 4th DCA 2018) (citing *Tilton v. Wrobel*, 198 So. 3d 909, 910 (Fla. 4th DCA 2016) (citing *Globe Newspaper Co.*, 658 So. 2d at 520))). Certiorari review is *not* available "to review the sufficiency of the evidence." *KIS Grp., LLC v. Moquin*, 263 So. 3d 63 (Fla. 4th DCA 2019) (quoting *Tilton*, 198 So. 3d at 910); *see also Melendez v. Eversole*, 44 Fla. L. Weekly D491 (Fla. 1st DCA Feb. 18, 2019); *Am. Heritage Life Ins. Co. v. Smith*, 263 So. 3d 133 (Fla. 1st DCA 2018) (both citing *Globe Newspaper Co.*, 658 So. 2d at 520).

Here, the trial court complied with the procedural requirements of the statute. Respondents proffered evidence to support their punitive damages claim and, after a hearing, the trial court entered an order finding the proffer to be sufficient to support the claim. The petition for writ of certiorari must therefore be denied. *See Melendez*; *Am. Heritage Life Ins. Co.*

## Conclusion

The trial court followed the procedures required to determine whether

5

punitive damages may be pled. Because Petitioner has failed to demonstrate that the trial court departed from the essential requirements of law in allowing the fourth amended complaint to plead punitive damages claims against Petitioner, we deny the petition.

*Petition denied.*

WARNER, J., concurs.
KUNTZ, J., concurs specially with opinion.

KUNTZ, J., concurring specially.

I join the Court's denial of the petition for writ of certiorari. I am bound by our case law to do so. *See Fla. Hosp. Med. Servs., LLC v. Newsholme*, 255 So. 3d 348, 350 (Fla. 4th DCA 2018) (citing *Tilton v. Wrobel*, 198 So. 3d 909, 910 (Fla. 4th DCA 2016) (citing *Globe Newspaper Co. v. King*, 658 So. 2d 518, 520 (Fla. 1995))).

The majority opinion correctly concludes that our certiorari jurisdiction is limited by controlling precedent to "review whether a trial judge has conformed with the procedural requirements of section 768.72." Slip Op. at 3 (quoting *Globe Newspaper Co.*, 658 So. 2d at 519). But we lack certiorari jurisdiction "to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Slip Op. at 3 (quoting *Globe Newspaper Co.*, 658 So. 2d at 519).

This provides the litigants only the narrowest review of an order that can transform a lawsuit. As the Third District explained, "[f]rom a practical perspective, the granting of a motion for leave to amend a complaint to add a punitive damages claim can be a 'game changer' in litigation." *TRG Desert Inn Venture, Ltd. v. Berezovsky*, 194 So. 3d 516, 520 n.5 (Fla. 3d DCA 2016); *see also Osechas v. Arcila*, 44 Fla. L. Weekly D389 (Fla. 3d DCA Feb. 6, 2019) (an order allowing a party to amend a complaint to add a claim for punitive damages "materially alter[s] the course of civil litigation" (Scales, J., specially concurring)). The litigation is materially changed, in part, because "[a]llowing a plaintiff to proceed with a punitive damages claim subjects the defendant to financial discovery that would otherwise be off limits" and "potentially subjects the defendant to uninsured losses." *Berezovsky,* 194 So. 3d at 520 n.5; *see also Cat Cay Yacht Club, Inc. v. Diaz,* 264 So. 3d 1071 (Fla. 3d DCA 2019) (noting "[t]he prospect of intrusive financial discovery following a trial court's authorization for an amendment to add a claim for punitive damages").

6

For these reasons, the Third District suggested the Florida Bar's Appellate Court Rules Committee should consider amending Florida Rule of Appellate Procedure 9.130 to allow an appeal of an order deciding a motion for leave to add a claim for punitive damages. *See Osechas*, 44 Fla. L. Weekly at D389; *Levin v. Pritchard*, 258 So. 3d 545, 548 n.4 (Fla. 3d DCA 2018); *Berezovsky*, 194 So. 3d at 520 n.5.

I share those concerns. Additionally, the cases limiting our certiorari jurisdiction in the context of an order allowing a party to add a claim for punitive damages derive from the Florida Supreme Court's opinion in *Globe Newspaper Co.* In that opinion, the Florida Supreme Court analyzed section 768.72, Florida Statutes (1993), and held:

> We conclude that appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72.

658 So. 2d at 519. In dissent, Justice Anstead explained that when section 768.72 was enacted, the legislature "specifically granted the petitioner a substantive right to be free of financial discovery, absent a particularized evidentiary showing." *Id.* at 521 (Anstead, J., dissenting). Because of that legislative grant, Justice Anstead would not have limited the scope of our certiorari jurisdiction and would have permitted review of orders allowing a party to add a claim for punitive damages. *Id.* (Anstead, J., dissenting).

Four years after *Globe Newspaper Co.*, the legislature made substantive revisions to section 768.72. *See* Ch. 99-225, Laws of Fla.[4] The legislature amended the statute to provide definitions, require "clear and convincing evidence of gross negligence or intentional misconduct to support the recovery of" punitive damages, and provide standards for the imposition of punitive damages in certain instances. *Id.* Within Chapter 99-225, the legislature also made substantive revisions to section 768.73, Florida

---

[4] The Florida State University College of Law has digitized the Florida Statutes for 1941 and 1955 to 1996. *See Digitized Legal Collections*, Florida State University College of Law, https://fall.law.fsu.edu/ (last visited Feb. 25, 2019). The Florida Legislature provides a digital version of the Florida Statutes for 1997 through the present. *See Florida Statutes*, Online Sunshine, http://www.leg.state.fl.us/statutes/ (last visited Feb. 25, 2019).

Statutes, stating in the introductory portion of the enacted legislation that it was "revising provisions with respect to limitations on punitive damages; providing monetary limitations; providing for the effect of certain previous punitive damages awards." Ch. 99-225, Laws of Fla. It also enacted sections 768.725, .735, .736, and .737, Florida Statutes. Ch. 99-225, Laws of Fla. Relevant here, section 768.725 was enacted to "provid[e] for evidentiary standards for an award of punitive damages." Ch. 99-225, Laws of Fla.

These revisions were substantive and many. But many courts continue to apply the test set forth four years earlier in *Globe Newspaper Co.* That test was established at a time when the court explained that the "plain meaning of section 768.72 . . . require[d] a plaintiff to provide the court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint." *Globe Newspaper Co.*, 658 So. 2d at 520.

It is true that the language quoted in *Globe Newspaper Co.* remains in the statute. But the statute now requires more than adherence to the procedural requirements. For example, a defendant may "be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2018). And for an employer, punitive damages can be imposed for the conduct of an employee only if the plaintiff meets certain conditions. *See* § 768.72(3), Fla. Stat. Thus, strictly applying the *Globe Newspaper Co.* test might preclude our certiorari jurisdiction even when a circuit court allows a claim for punitive damages to proceed but recovery is otherwise barred by the statute. *But see Varnedore v. Copeland*, 210 So. 3d 741, 745 (Fla. 5th DCA 2017).

These statutory amendments add substantive hurdles that did not exist when the court rejected Justice Anstead's view that certiorari review should be available to review an order allowing a party to plead a claim for punitive damages. *See Globe Newspaper Co.*, 658 So. 2d at 521 (Anstead, J., dissenting).

As explained by the Third District, allowing a party leave to amend a complaint to seek punitive damages "can be a 'game changer' in litigation." *Berezovsky*, 194 So. 3d at 520 n.5. And it is an order that can, at present, be reviewed only on appeal of a final judgment. But on review of the final judgment, the circuit court's finding that a reasonable basis existed to allow the claim for punitive damages will be reviewed de novo. *Estate of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 642 (Fla. 5th DCA 2005)

8

(citing *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005)).  That de novo review might be more appropriate before implementation of the game-changing order.

So I join the Third District in suggesting that the Florida Bar's Appellate Court Rules Committee consider amending Rule 9.130 to allow the appeal of a non-final order determining the right of a party to amend a complaint to add a claim for punitive damages.  Alternatively, now almost twenty-five years later, the Florida Supreme Court may wish to consider whether Justice Anstead's dissent in *Globe Newspaper Co.* was correct.

*        *        *

**_Not final until disposition of timely filed motion for rehearing._**