# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**RANDOLPH SAPP,**
Petitioner,

v.

**MONICA OLIVARES,** individually, and as Personal Representative of the
**ESTATE OF ALBERTO OLIVARES,** and
**PUBLIX SUPER MARKETS, INC.,**
Respondents.

No. 4D19-2190

---

**PUBLIX SUPER MARKETS, INC.,**
Petitioner,

v.

**MONICA OLIVARES,** individually, and as Personal Representative of the
**ESTATE OF ALBERTO OLIVARES,** and **RANDOLPH SAPP,**
Respondents.

No. 19-2201

[January 8, 2020]

Petitions for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE18-006314.

Cindy J. Mishcon of Lewis Brisbois Bisgaard & Smith LLP, Fort Lauderdale, for petitioner Randolph Sapp.

Edward G. Guedes, Richard B. Rosengarten, and Eric S. Kay of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for Petitioner Publix Supermarkets, Inc.

Raymond Valori, Michael Freedland and Melissa Gunion of Freedland Harwin Valori, P.L., Fort Lauderdale, and Kara Rockenbach Link and Daniel M. Schwarz of Link & Rockenbach, P.A., for respondent Monica Olivares, individually, and as Personal Representative of the Estate of

Alberto Olivares.

<span style="font-variant:small-caps">Per Curiam.</span>

Petitioners, Publix Supermarkets and Raymond Sapp, both seek certiorari review of an order granting plaintiff's motion to amend to seek punitive damages in this wrongful death cause of action. Section 768.72(1), Florida Statutes (2018), allows for the amendment of a civil action to state a claim for punitive damages when "there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Petitioners contend that the evidence presented was insufficient to make a "reasonable showing by evidence" that punitive damages may be recovered and that the court failed to explain how its limited findings were sufficient to justify a claim for punitive damages.

In *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995), our supreme court held that:

> appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

In this case, we conclude that the procedural requirements of the statute were followed. *See Event Depot Corp. v. Frank*, 269 So. 3d 559, 561-62 (Fla. 4th DCA 2019) (requiring three procedural steps: attachment of the proposed amended complaint to the motion to amend; service of the proffer or other evidence to support the punitive damage claim; and an affirmative finding by the trial court that the plaintiff made a reasonable showing by evidence to support a punitive damage claim). As we are bound by *Globe*, we cannot review the petitioners' claims addressing the sufficiency of the evidence or the reasonableness of the trial court's determination.[1]

---

[1] We do note that several appellate courts and individual judges have questioned the continued efficacy of *Globe* in modern litigation and suggested an amendment to Florida Rule of Appellate Procedure 9.130 to permit non-final appeals of orders on motions to amend to add a punitive damage claim. *See Event Depot Corp.*,

*The petitions are therefore dismissed.*

WARNER, MAY and CIKLIN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

269 So. 3d at 563-65 (Kuntz, J., concurring specially); *Osechas v. Arcila*, 271 So. 3d 65, 66 (Fla. 3d DCA 2019) (Scales, J., specially concurring); *Levin v. Pritchard*, 258 So. 3d 545, 548 n.4 (Fla. 3d DCA 2018); *TRG Desert Inn Venture, Ltd. v. Berezovsky*, 194 So. 3d 516, 520 n.5 (Fla. 3d DCA 2016).