# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1653
Lower Tribunal No. 20-11446
_____

**Moss & Associates, LLC, etc., et al.,**
Petitioners,

vs.

**Cory Lapin,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Weinberg Wheeler Hudgins Gunn & Dial, LLC, and Steven D. Gonzalez and Jose O. De La Cruz, for petitioners.

Shaked Law Firm, P.A., and Sagi Shaked and Cory D. Lapin, for respondent.

Before HENDON, MILLER, and GORDO, JJ.

HENDON, J.

Moss & Associates, LLC, Safety Guys, LLC, and Downtown Development Holdings, LLC (collectively, "Petitioners"), seek certiorari review of the trial court's order granting Cory Lapin's ("Respondent") second amended motion for leave to file an amended complaint to add a claim for punitive damages pursuant to section 768.72, Florida Statutes (2021). We deny the petition.

The record before this Court reflects that the trial court complied with the procedural requirements of section 768.72. The Respondent proffered evidence in support of his claim for punitive damages, and following a hearing, the trial court entered an order finding that the Respondent's proffer was sufficient to support the claim. See E.R. Truck & Equip. Corp. v. Gomont, 300 So. 3d 1230, 1231 (Fla. 3d DCA 2020); see also Event Depot Corp. v. Frank, 269 So. 3d 559, 561-63 (Fla. 4th DCA 2019) (recognizing that the scope of an appellate court's certiorari review is limited to whether the trial court complied with the procedural requirements of section 768.72, but certiorari review is not available to review the sufficiency of the respondent's evidentiary proffer). We therefore deny the petition for writ of certiorari.[1]

---

[1] The Petitioners also sought to quash the portion of the order under review referencing Downtown Development Holdings because the Respondent's second amended motion to add a claim for punitive damages did not

Petition denied.

---

advance any argument as to Downtown Development Holdings. This point is well taken but is now moot because the trial court has since entered an agreed order removing Downtown Development Holdings from the order under review.  The final argument raised by the Petitioners is also now moot.