# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2056
Lower Tribunal No. 20-16005 SP
_____

**Downtown Towing Company,**
Appellant,

vs.

**Energy-Cargo MGT, LLC,**
Appellee.

An appeal from a non-final order from the County Court for Miami-Dade County, Maria D. Ortiz, Judge.

Law Office of Gary A. Costales, P.A., and Gary A. Costales, for appellant.

Harold B. Klite Truppman, P.A., and Harold B. Klite Truppman, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

### ON CONFESSION OF ERROR

PER CURIAM.

Appellant, Downtown Towing Company, appeals from an order granting a motion for leave to seek punitive damages against appellee, Energy-Cargo MGT, LLC. We have jurisdiction. See Fla. R. App. P. 9.130(a)(5). Based upon Energy-Cargo's proper and commendable confession of error and our own independent review of the record, we conclude Downtown Towing failed to comply with the predicate procedural requirements of section 768.72, Florida Statutes (2023), before seeking punitive damages. See Leinberger v. Magee, 226 So. 3d 899, 900–01 (Fla. 4th DCA 2017) ("First, the movant must attach the proposed amended pleading to the motion seeking leave to amend, in compliance with Florida Rule of Civil Procedure 1.190(a). . . . Second, . . . the 'proffer' or other evidence of record to support the punitive damages claim must be served prior to the hearing on the motion for leave to amend. . . . Third, the trial court must make an affirmative finding that the plaintiff made a "'reasonable showing by evidence," which would provide a "reasonable evidentiary basis for recovering such damages" if the motion to amend is granted.'") (quoting Varnedore v. Copeland, 210 So. 3d 741, 747–48 (Fla. 5th DCA 2017)); Varnedore, 210, So. 3d at 745 ("Moving to amend without attaching a copy of the proposed amended pleading is insufficient."); Taylor v. City of Lake

2

<u>Worth</u>, 964 So. 2d 243, 244 (Fla. 4th DCA 2007) (holding Florida Rule of Civil Procedure 1.190(a)'s requirement of attaching proposed amended pleading to motion to amend is mandatory); <u>see also</u> <u>Caprio v. Castro</u>, 299 So. 3d 1147, 1148 (Fla. 3d DCA 2020) (quashing trial court's order due to "proper and commendable confession of error" for failure to comply with requirements of section 768.72).  Given the procedural error, we reverse and remand for further proceedings consistent herewith and express no opinion on the propriety of punitive damages.

Reversed and remanded.